## MICKEL v. GARDNER.

ACKNOWLEDGMENT OF DEED: *Married Woman's: Voluntary appe r-ance.*

The appearance of a married woman before an officer to acknowledge the execution of a deed must be voluntary, or the acknowledgment will be invalid except as against innocent parties. But it is not essential that the officer's certificate show that she comes voluntarily. The statute requires a certificate only of her acknowledgment.

APPEAL from *Sebastian* circuit court.

Hon. R. T. POWELL, Special Judge.

*Collins & Balch,* for appellants.

The legislature has seen fit to require that the officer·
taking a married woman's acknowledgment shall certify that
the appearance of the wife is "voluntary," and if the·
statute was " ever so technical and rigorous, " it is the plain
letter of the law. It would hardly be doing justice to the·
makers of this law to assume that this provision is meaning-
less, or was mere matter of form.—*Ford v. Burks, 37 Ark.,
91.*

As to her appearance he must certify that it was *volun-
tary* from evidence satisfactory to him; as to the execution
he is governed by her statements.

*Duval & Cravens, contra.*

The certificate contains all that is requisite—sufficient to
convince the most incredulous that her appearance was volun-
tary. It recites her appearance, the privy examination and
her declaration that she had of *her own free will* executed,
etc., etc., *without compulsion* or *undue* influence, etc. This
is a substantial compliance with the law, and sufficient. *26·
Ark., 130; 32 Ib., 453; 20 Ib., 194.*

The burden is on the party seeking to invalidate a deed
to show a noncompliance with the law.—*38 Ark., 383;·
37 Ib., 148;* see also *Bishop on Married Women, secs.
590-2, and notes.*

But if defective, it is cured by *Act of March 14, 1883.*

Acknow-  EAKIN, J.  This is an appeal from a decree in chancery,
ledgment
of deed by foreclosing a mortgage executed by Mickel and wife of
married
woman. lands partly her own and partly her husband's. The sole
defense relied on here was in the supposed defectiveness of·
her acknowledgment of the deed.

It was in all respects a carefully drawn certificate, show-
ing that the required privy examination had been made, and
that she had acknowledged her voluntary execution of it,
without compulsion, etc. It fails to state, however, that·

Mickel v. Gardner.

she " voluntarily" appeared before the officer.

The statute prescribes that the conveyance of a married ~Volunta-
woman's real estate shall be effected by her "voluntarily" ~ry appear-
appearing before the proper court or officer, and in the ~ance.
absence of her husband declaring that she had of her own
free will executed the deed, etc., for the purposes therein
contained and set forth " without compulsion or undue
influence of her husband." *Gantt's Dig., sec. 849.* It
is further prescribed that the officer taking the acknowledg-
ment " shall grant a certificate thereof" to be endorsed
on the instrument.

The *appearance* is no part of the acknowledgment, and
need only be recited to show that the woman was there to
make the acknowledgment. The doing of that is the essen-
tial thing to be certified, and the manner of it and terms of
it. The appearance must, in fact, be voluntary, and, unless
as against innocent parties, a forced appearance with a valid
acknowledgment would convey nothing. But the officer is
not required by the statute to make inquisition of the modes
by which she is induced to come. Certainly any officer
who should see a woman come before him, impelled by force
or fear, should refuse his certificate of acknowledgment,
although she might say with her lips that it was voluntary.
But he cannot, generally, know that she comes voluntarily,
whatever the appearances may be, and his certificate that
she so came is generally formal—certainly not essential.

I know of no case directly in point, and counsel cite
none. The principle, however, is illustrated in the case of
*Stephens v. Henry, 6 Blackford, Indiana Reports, 475.*
That case arose under a statute requiring an officer taking
an acknowledgment of a married woman to examine her
separately and *to read or otherwise make known to her* the
contents of the instrument. He was required to certify the
acknowledgment which she then made under his hand and
seal.

The officer's certificate in that case set forth the privy examination, and that she acknowledged the instrument apart from her husband to be her voluntary act and deed, but failed to show that the officer read it to her or made known its contents.

The court said it was the officer's duty to read it to her or make known its contents, but that the statute did not require him to certify that he had done so, or to show anything more on the subject than the declaration or acknowledgment of the wife that she had voluntarily executed the deed.

Whilst our statute requires the certificate to show the acknowledgment, in the prescribed or equivalent terms, and that it was separate from the husband, it does not, in terms or by grammatical construction, require it to show that she voluntarily came.

Affirm.